# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
JOSEPH TAORMINA,

          Plaintiff,

             - against -

THRIFTY CAR RENTAL
and
THE HERTZ CORPORATION

          Defendants.
----------------------------------------X

Index No. 153047/2016

SUMMONS

TO THE ABOVE NAMED DEFENDANTS:

        You are hereby summoned and required to serve upon plaintiff's attorney an answer to the verified complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

        The basis of the venue designated is that it is where the plaintiff maintains his place of business in the City of New York, County of New York, New York.

Dated: April 11, 2016

                                      Bruce S. Schaeffer
                                      Attorney for Plaintiff
                                      3 Park Avenue
                                      31st Floor
                                      New York, New York, 10016
                                      (212) 689-0400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

JOSEPH TAORMINA

    versus

THRIFTY CAR RENTAL
 and
THE HERTZ CORPORATION

INDEX NO. 153047/2016
**VERIFIED COMPLAINT**
**JURY TRIAL DEMANDED**

---

Plaintiff, by his attorney Bruce S. Schaeffer, as and for his complaint against the Defendants herein, respectfully alleges as follows:

## PARTIES

1. Plaintiff, JOSEPH TAORMINA ("TAORMINA"), maintains an office at 427 East 74th Street, New York, New York.

2. On information and belief, Defendant, THRIFTY CAR RENTAL (hereinafter referred to as "THRIFTY") is a corporation duly organized and licensed to do business in the State of New York which maintains offices in the State of New York.

3. On information and belief, Defendant, THE HERTZ CORPORATION (hereinafter referred to as "HERTZ") is a corporation duly organized and licensed to do business in the State of New York which maintains offices in the State of New York.

4. On information and belief both HERTZ and THRIFTY are wholly owned by Hertz Global Holdings, Inc.

## BACKGROUND

1

5. On information and belief, on or about March 18, 2014, TAORMINA rented a vehicle described as a 2014 Chrysler 300, Vehicle #G150441 (hereinafter referred to as "VEHICLE #1"), from THRIFTY's location at the Fort Lauderdale, Florida, airport.

6. On information and belief, on or about March 28, 2014, TAORMINA returned said VEHICLE #1 and obtained a receipt showing that the vehicle being returned was Vehicle # G150441.

7. On information and belief, on or about May 13, 2014, Trinh Lam, Operations Administration for THRIFTY sent TAORMINA a letter with the caption "Final Demand for Vehicle Return." The letter threatened criminal charges for "failure to respond to this letter". The vehicle in question was identified in the letter as Vehicle #D971331. (hereinafter referred to as "VEHICLE #2").

8. On information and belief, on or about May 14, 2014, in response to Ms. Lam's threatening letter, TAORMINA'S assistant, Laura Sosa, telephoned the number on Ms. Lam's letter (1-866-791-1489) and spoke to someone by the name of "Gina". Ms. Sosa explained that TAORMINA had returned the car on March 28, 2014. "Gina" said she would notify the rental location.

9. On information and belief, on or about May 16, 2014, THRIFTY's Restitution Dept. sent a letter to TAORMINA stating, in part, "We still have not recovered the vehicle and it remains in a stolen status." The letter which accused TAORMINA of a crime also threatened litigation.

10. On information and belief, on or about May 16, 2014, THRIFTY's Restitution Dept. sent a second letter to TAORMINA stating, in part, "The vehicle you rented on or about 3-27-14 was not returned...and was reported stolen."

2

11. On or about June 20, 2014, TAORMINA retained counsel to try to put a stop to the ongoing harassment from THRIFTY.

12. On or about June 23, 2014, in a letter to Trinh Lam, counsel for TAORMINA stated that he represented TAORMINA, enclosed a copy of the receipt showing TAORMINA had returned VEHICLE #1 on time, and demanded an end to the harassment of his client.

13. On or about July 8, 2014, TAORMINA received a notice of a traffic violation that had occurred in the City of North Miami on May 4, 2014, at 10:48 p.m. for which a penalty of $158 was due. The description of the vehicle involved in the violation was listed as "2013 BUIC LAC" having "TN" license number H8559P. TAORMINA was in New York State on the date of this violation.

14. On information and belief, on or about July 8, 2014, TAORMINA received a Thrifty Toll Charge Notice for the period March 27, 2014 – May 16, 2014. The Plate State and Number of the vehicle specified on the Toll Charge Notice is TN H8559P. TAORMINA was in New York State during the period specified on the Thrifty Toll Charge Notice.

15. On or about July 9, 2014, counsel for TAORMINA contacted William T. Walker (hereinafter "WALKER"), Senior Corporate Counsel for HERTZ by email.

16. On or about July 10, 2014, counsel for TAORMINA spoke to WALKER by phone about the harassment TAORMINA was being subjected to by representatives of THRIFTY and summarized the telephone conversation in an email to WALKER and attached relevant receipts and correspondence.

3

17. On or about July 20, 2014, WALKER emailed counsel for TAORMINA saying, in part, that TAORMINA was found "not responsible and all collection activity against him has been stopped."

18. On information and belief, on November 17, 2015, Roberta Santos (hereinafter "SANTOS") of National Commercial Services, Inc. (hereinafter "NCS"), a collection agency, sent a letter to TAORMINA stating, in part, that NCS was "working in conjunction with THRIFTY CAR RENTAL as a third party administrator in order to resolve a balance due on your rental account." NCS claimed a balance due of $11,850.64.

19. On or about November 28, 2015, counsel for TAORMINA wrote to SANTOS demanding the basis for the claim against TAORMINA.

20. On December 7, 2015, SANTOS responded to counsel for TAORMINA with documentation of THRIFTY's purported (but baseless) claim. SANTOS's letter included a copy of a Rental Agent's Statement to the Broward Sheriff's Office in which the agent swore he had rented a 2013 Buick Lacrosse Silver to TAORMINA on March 18, 2014.

21. This description corresponds to VEHICLE #2 referred to in the paragraphs above. Nonetheless, according to the receipt provided to TAORMINA by THRIFTY on March 18, 2014, the vehicle TAORMINA rented was a 2014 Chrysler 300 (referred to herein as VEHICLE #1).

22. SANTOS's letter also included a copy of an Auto Theft Affidavit filed with the Broward County Sheriff's Office concerning a vehicle described as a 2013 Buick Lacrosse Silver with Tennessee tag number H8559P. This is another instance of THRIFTY accusing TAORMINA of a crime.

23. On information and belief, SANTOS's letter also included a copy of a damage assessment for a 2013 Buick LaCrosse with photos of a vehicle with Tennessee license plate No. H85-59P.

24. On information and belief, the vehicle described in the enclosures with SANTOS's December 7, 2015, letter is not the same vehicle rented by TAORMINA, herein referred to as VEHICLE #1, a 2014 Chrysler 300, as described on the receipt issued to him on March 18, 2014 at 7:39 p.m.

25. On December 19, 2015, counsel for TAORMINA sent an email to SANTOS demanding proof that THRIFTY had authorized NCS to proceed against TAORMINA.

26. On or about December 24, 2015, SANTOS sent counsel for TAORMINA an email to which was attached a letter from HERTZ dated November 4, 2015, stating, in part, that NCS "have been retained by the Hertz Corporation..."

27. On or about January 2, 2016, counsel for TAORMINA wrote to WALKER and SANTOS enclosing a complete file of correspondence and receipts related to the harassment of TAORMINA.

28. In response, on January 19, 2016, Jeff King (hereinafter "KING") of HERTZ sent counsel for TAORMINA an email in which he stated WALKER was no longer with the company. KING's email signature identified him as "supervisor Central Recovery Unit." He apologized "for this situation". He stated that "we have closed this file as invalid and will no longer be pursuing. I have advised NCS to close their file immediately."

29. On February 27, 2016, TAORMINA used the HERTZ website to reserve a rental car to be picked up March 7, 2016, at the Palm Beach airport. TAORMINA paid with his American Express Card and received Confirmation #G8594521651.

5

30. As part of HERTZ's continuing campaign of harassment, defamation and retaliation for a crime he did not commit, when TAORMINA attempted to pick up the car he had reserved at the HERTZ counter, a HERTZ agent by the name of Tanique entered TAORMINA's driver's license into the computer and received the message "DO NOT RENT." Upon seeing this message, Tanique declined to rent a car to TAORMINA who was mortified in public and forced to go to another rental agency to secure a vehicle.

## FIRST CLAIM AGAINST DEFENDANTS

### (Defamation)

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "30".

32. Defendants published and republished the assertion that TAORMINA was a criminal guilty of car theft.

33. The defamatory publications repeatedly made by individuals as employees and agents of THRIFTY and HERTZ are absolutely and utterly false. They repeatedly accused Plaintiff of being car thief and a deadbeat.

34. The defamatory publications repeatedly made by individuals as employees and agents of THRIFTY and HERTZ were presented as a declarative statement of fact without any rhetorical or hyperbolic embellishment; they were not supported by any facts; and, under the circumstances, it would inevitably have suggested that TAORMINA was a criminal, to wit: a car thief. This was untrue as proven by the fact of their repeated admissions. Nonetheless they vindictively continue to retaliate against, embarrass and mortify TAORMINA in a public setting: the Palm Beach airport.

6

35. The defamatory publications repeatedly made by individuals as employees and agents of THRIFTY and HERTZ, of and concerning Plaintiff, are defamatory *per se* in that the statements charge TAORMINA with the crime of car theft reflecting generally on Plaintiff's business reputation and character.

36. The defamatory publications repeatedly made by individuals as employees and agents of THRIFTY and HERTZ, of and concerning Plaintiff, are presumed by law to have caused injury to Plaintiff's reputation, although they did also in fact cause such injury, holding Plaintiff up to scorn, ridicule, and humiliation in the eyes of the entire airport public.

37. The defamatory publications repeatedly made by individuals as employees and agents of THRIFTY and HERTZ, of and concerning Plaintiff, knowing that plaintiff had done nothing other than rent and return a vehicle; had stolen nothing; and had paid his bill, were made with actual knowledge of their falsity. THRIFTY's and HERTZ's subsequent repeated defamatory written and oral publications with respect to Plaintiff's status as a car thief, by their own admission, were made with absolutely no knowledge, and thereafter in full knowledge of their admitted falsity.

38. Upon information and belief, THRIFTY's and HERTZ's defamatory publications were also made with spite, ill will, and an intent maliciously to injure Plaintiff and his reputation and to deliberately inconvenience Plaintiff and make it as difficult as possible for him to travel.

39. By reason of the foregoing false, defamatory, injurious, and malicious publications of and concerning Plaintiff, THRIFTY and HERTZ have caused Plaintiff to suffer special damages in the amount of $5,000,000.

7

40. By reason of the foregoing false, defamatory, injurious, and malicious publications, of and concerning Plaintiff, THRIFTY and HERTZ have caused Plaintiff to suffer actual compensable damage to his reputation, along with attendant emotional distress, in the amount of $100,000.

41. Because THRIFTY's and HERTZ's repeatedly defamatory publications were made with both actual malice and common law malice, Plaintiff should also be awarded additional, punitive damages in the amount of $10,000,000.

## SECOND CLAIM AGAINST DEFENDANTS

### (Breach of Contract)

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "41".

43. Defendants knew and were specifically and repeatedly advised that their publications about Plaintiff were false and defamatory.

44. Defendants repeatedly admitted the publications about Plaintiff were false and defamatory.

45. Defendants maliciously, wrongfully, knowingly, intentionally and without reasonable justification or excuse, did violate, repudiate and breach their written agreement with Plaintiff (his Hertz rental confirmation) by refusing to rent to him in a public spectacle in a federal airport facility.

46. That as a result of the actions of Defendants to deny Plaintiff the rental he had properly booked and by repeatedly defaming him and repudiating TAORMINA's valid contract under which he confirmed a rental car, Plaintiff has suffered damages in the

8

sum of at least $100,000 or such greater amount as may be shown at trial plus punitive damages in an amount to be determined by the Court.

## THIRD CLAIM AGAINST DEFENDANTS

### (Mandatory Injunction)

47. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "46" above.

48. That on information and belief, Defendants have issued other false and defamatory publications to credit agencies and other authorities of and concerning Plaintiff.

49. That as a result of Defendants issuing other false and defamatory publications to credit agencies and other authorities of and concerning Plaintiff, his reputation and credit have been harmed in an amount to be determined at trial.

**WHEREFORE**, the Plaintiff demands he be granted judgment against the Defendants in the sum of $100,000 or such greater amount as may be shown at trial, plus punitive damages of TEN MILLION ($10,000,000) DOLLARS or such amount as may be determined by the Court, plus interest, together with the costs and disbursements of this action; that the Court issue a mandatory injunction requiring Defendants to issue corrections, deletions and apologies with respect to all the harmful statements they have published about Plaintiff; and such other and further relief as to this Court seems just and proper.

Dated: New York, New York
April 6, 2016

9

Yours etc.,

*Bruce S. Schaeffer*
Bruce S. Schaeffer
Attorney for Plaintiff
3 Park Avenue – 31st floor
New York, New York, 10016
(212) 689-0400

## VERIFICATION

I, the undersigned being duly sworn, depose and say: I am the plaintiff in the action; I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

*Joseph C. Taormina*
JOSEPH TAORMINA

Sworn to before me this
6th day of April, 2016

*Bruce S. Schaeffer*
Notary Public

BRUCE S. SCHAEFFER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02SC4955146
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES AUGUST 28, 2017

-10-